# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WELLINGTON WELCH<br>    *Plaintiff* | §<br>§<br>§ | CIVIL ACTION<br><br>NO. 2:20-CV-2135 |
| v. | §<br>§ | SECTION: \_\_\_\_ |
| REC MARINE LOGISTICS, LLC;<br>REC BOATS, LLC; GOL, LLC;<br>COX OPERATING, LLC; AND<br>DYNAMIC PRODUCTION SERVICES, INC.<br>    *Defendants* | §<br>§<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wellington Welch files this Original Complaint against Defendants REC Marine Logistics, LLC; REC Boats, LLC; GOL, L.L.C.; Cox Operating, LLC; and Dynamic Production Services, Inc. and respectfully shows as follows.

### JURISDICTION

1.  The Court has admiralty and maritime jurisdiction over this case because the Plaintiff's action arises out of his injury in the course of his employment as a Jones Act seaman and crew member of the subject vessel. 28 U.S.C. § 1333(1); 46 U.S.C. § 30104.

### VENUE

2.  Venue is proper because Defendants reside and maintain their principal places of business in the Eastern District of Louisiana. 28 U.S.C. § 1391(b)(1).

### PARTIES

3.  Plaintiff Wellington Welch is a U.S. citizen residing in Terrebonne Parish, Louisiana.

4.  Defendant REC Marine Logistics, LLC is a Louisiana limited liability company and maintains its principal place of business in this District. It may be served with process through

its registered agent, Ronald Chaddock, at 4535 Highway 308, Raceland, Louisiana 70394.

5. Defendant GOL, LLC is a Louisiana limited liability company and maintains its principal place of business in this District. It may be served with process through its registered agent, Matt Bernard, at 4535 Highway 308, Raceland, Louisiana 70394.

6. Defendant REC Boats, LLC is a Louisiana limited liability company and maintains its principal place of business in this District. It may be served with process through its registered agent, Ronald Chaddock, at 110 Lac Felicity Drive, Luling, Louisiana 70070.

7. Defendant Cox Operating, LLC is a Louisiana limited liability company and maintains its principal place of business in this District. It may be served with process through its registered agent, CT Corporation System, at 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

8. Defendant Dynamic Production Services, Inc. is a Louisiana corporation and maintains its principal place of business in this District. It may be served with process through its registered agent, Lewis Ashbey, at 107 Woodbridge Drive, Lafayette, Louisiana 70508.

**FACTUAL BACKGROUND**

9. At all times relevant hereto, Defendants REC Marine Logistics, LLC; REC Boats, LLC; and/or GOL, LLC (collectively, the "REC Defendants") owned, operated, and/or crewed the *Dominic S* (the "vessel"), a platform supply vessel.

10. Plaintiff Wellington Welch ("Plaintiff") was employed as a deckhand and crew member of the vessel.

11. On or about May 28, 2019, Plaintiff was seriously injured aboard the vessel while assisting a personnel basket transfer between the vessel and an offshore oil platform, which was owned and operated by Defendant Cox Operating, LLC ("Cox"); in the Gulf of Mexico.

12. On that day, Cox utilized a platform crane and a personnel basket to transfer one of its employees from its Ship Shoal 209A platform to the vessel.

13. In lowering the personnel basket from the platform to the vessel, the crane operator recklessly swung the basket and struck Plaintiff, knocking him to the deck of the vessel and causing severe injuries.

14. The crane operator was employed by Defendant Dynamic Production Services, Inc. ("Dynamic").

15. Accordingly, Plaintiff brings suit to recover damages resulting from the injuries he sustained in the course and scope of his employment as a seaman aboard the vessel.

## CAUSES OF ACTION

### I. Ordinary Negligence & Gross Negligence

16. As stated above, on or about May 28, 2019, Plaintiff was struck by a personnel basket and knocked to the deck of the vessel while performing his duties as a deckhand aboard the vessel.

17. The Plaintiff's injuries were proximately caused by the negligent acts and/or omissions of the Defendants, their agents, servants, and employees, including, but not limited to:

    a. failing to properly coordinate the personnel basket transfer;

    b. failing to take reasonable precautions for the Plaintiff's safety;

    c. failing to maintain adequate communication with the crane operator;

    d. failing to provide proper and adequate supervision;

    e. failing to maintain adequate communication with the deckhand, signalman, or other vessel crew member to determine when it was safe and appropriate to conduct the personnel basket transfer;

    f. allowing an incompetent and reckless crane operator to operate the crane;

      g.      failing to exercise stop work authority;

      h.      failing to perform adequate safety meetings and analyses to identify and minimize the risk to Plaintiff and others;

      i.      failing to assess the conditions on board the vessel prior to beginning the lift;

      j.      failing to properly train their employees about the proper conditions to conduct a personnel basket transfer;

      k.      failing to have enough personnel to safely perform the transfer; and/or

      l.      any other acts of negligence and/or omissions to be shown at trial.

18.      In addition, Defendants are liable for gross negligence because Defendants had actual, subjective, awareness of the risks involved in the personnel basket transfer but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff and because one or more of the foregoing acts and/or omissions were willful, reckless, and/or malicious.

19.      Plaintiff did not cause, or contribute to the cause of, the injuries he sustained aboard the vessel.

**II.    Jones Act: Negligence (REC Defendants)**

20.      As described above, Plaintiff was severely injured in the course of his employment for the REC Defendants, while performing his duties as a deckhand and seaman aboard the vessel.

21.      The Plaintiff's injuries and his resulting damages were proximately caused, in whole or in part, by the aforementioned negligent acts and/or omissions of the REC Defendants, their agents, servants, and/or employees.

**III.    Jones Act: Maintenance & Cure (REC Defendants)**

22.      As a Jones Act employer, the REC Defendants had, and continues to have, a non-delegable duty to provide Plaintiff with maintenance and cure benefits, because Plaintiff was injured in the course of his employment as a seaman for the REC Defendants.

23. Specifically, Plaintiff would show that the injuries he suffered as a seaman required medical treatment; that his injuries have not reached maximum medical improvement; and, therefore, the REC Defendants duty to provide maintenance and cure benefits continues.

24. The REC Defendants have breached their absolute duty by denying the payment of maintenance and cure benefits, delaying the timely payment of maintenance and cure benefits, and/or failing to pay the proper amount of maintenance and cure benefits.

25. As a result of the REC Defendants' breach of their absolute duty to pay maintenance and cure benefits, Plaintiff has suffered further injuries and damages, for which he now sues.

26. In addition, Plaintiff is entitled to an award of damages for the aggravation of his condition caused by the REC Defendants' breach, attorneys' fees, and punitive damages, because the REC Defendants' failure to pay maintenance and cure benefits was not only unreasonable, but also arbitrary and capricious, willful, callous, and persistent.

**IV.   Unseaworthiness (REC Defendants)**

27. The Plaintiff's injuries were legally caused, in whole or in party, by the unseaworthiness of the vessel *Dominic S*, which at all relevant times was owned, operated and/or controlled by the REC Defendants.

**DAMAGES**

28. As a result of the Defendants' tortious conduct, Plaintiff sustained severe and permanent bodily injuries, for which he is entitled to recover economic, non-economic, and punitive damages.

29. Accordingly, Plaintiff seeks to recover the following damages proximately caused by the Defendants' tortious conduct:

a. past and future medical expenses;

b. past and future loss of earning capacity;

c. past and future physical pain and suffering;

d. past and future mental anguish;

e. past and future disability/impairment;

f. past and future disfigurement; and

g. punitive damages.

30. Plaintiff also seeks to recover from the REC Defendants all maintenance and cure benefits due and owed to him from the date on which Plaintiff suffered his injuries until the date on which he reaches a maximum medical improvement.

## JUDGMENT INTEREST

31. Plaintiff seeks the maximum amount of prejudgment and postjudgment interest allowed by law.

## JURY DEMAND

32. Plaintiff demands a jury trial.

## PRAYER

For the foregoing reasons, Plaintiff Wellington Welch respectfully requests that Defendants REC Marine Logistics, LLC; REC Boats, LLC; GOL, L.L.C.; Cox Operating, LLC; and Dynamic Production Services, Inc. be cited to appear and answer, and respectfully requests that the Court enter judgment against Defendants awarding money damages, attorneys' fees, judgment interest, and court costs, and all other relief to which Plaintiff is entitled to at law and in equity.

Respectfully submitted,

**WYNNE & POUPORE LLP**

*/s/ Bob Wynne*
Bob Wynne
Louisiana Bar No. 30123
Texas Bar No. 24060861
Bob@WynnePoupore.com
Jourdain Poupore***
Texas Bar No. 24094901
3233 W. Dallas St., Suite 313
Houston, Texas 77019
Tel: 281-813-8959
Service@WynnePoupore.com

**SPAGNOLETTI LAW FIRM**

Marcus R. Spagnoletti***
Texas Bar No. 24076708
Marcus@SpagLaw.com
Eric J. Rhine***
Texas Bar No. 24060485
ERhine@SpagLaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Tel: 713-653-5600
Fax: 713-653-5656

***Attorneys for Plaintiff Wellington Welch***

---

*** To be admitted *pro hac vice*.