UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WELLINGTON WELCH<br><br>*Plaintiff*<br><br>VERSUS<br><br><br>REC MARINE LOGISTICS, LLC; REC BOATS, LLC; GOL, LLC; COX OPERATING, LLC; AND DYNAMIC PRODUCTION SERVICES, INC.<br><br>*Defendants* | CIVIL ACTION NO.  2:20-cv-02135<br><br>SECTION E:<br>DISTRICT JUDGE SUSIE MORGAN<br><br>DIVISION 3:<br>MAGISTRATE JUDGE<br>DANA M. DOUGLAS |

### REC MARINE LOGISTICS, LLC AND REC BOATS, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come defendants, REC Marine Logistics, LLC and REC Boats, LLC (hereinafter collectively referred to as "REC," except where referred to individually), which respond to the Original Complaint filed by plaintiff, Wellington Welch  (hereinafter sometimes referred to as "plaintiff"), as follows:

### FIRST DEFENSE

The Original Complaint fails to state a claim, cause, or right of action against REC upon which relief can be granted.

### SECOND DEFENSE

The Original Complaint is barred by the applicable period of prescription and/or statute of limitations, and/or laches.

### THIRD DEFENSE

**AND NOW**, without waiving any of the foregoing defenses, REC responds to the specific allegations of plaintiff's Original Complaint categorically and by paragraph as follows:

1.

The allegations contained in Paragraph 1 of the Original Complaint state conclusions of law which require no response on the part of REC. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

2.

It is admitted that venue as to REC is proper in the Eastern District of Louisiana. REC is without sufficient information to admit whether venue is proper as to any other party, or the residence or principal place of business of any other party. Accordingly, to the extent the allegations contained in Paragraph 2 of the Original Complaint pertain to parties other than REC, such allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The domiciliary and service allegations contained in Paragraph 4 of the Original Complaint are admitted.

5.

The allegations contained in Paragraph 5 of the Original Complaint do not pertain to REC and require no response on their part. To the extent a response is deemed necessary, REC denies the allegations contained in Paragraph 5 of the Original Complaint for lack of sufficient information to justify a belief therein.

6.

The domiciliary and service allegations contained in Paragraph 6 of the Original Complaint are admitted.

7.

The allegations contained in Paragraph 7 of the Original Complaint do not pertain to REC and require no response on their part. To the extent a response is deemed necessary, REC denies the allegations contained in Paragraph 7 of the Original Complaint for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Original Complaint do not pertain to REC and require no response on their part. To the extent a response is deemed necessary, REC denies the allegations contained in Paragraph 8 of the Original Complaint for lack of sufficient information to justify a belief therein.

9.

It is admitted that at the relevant time REC Boats, LLC was the owner of the M/V DOMINIC S and REC Marine Logistics, LLC operated and crewed the M/V DOMINIC S. Except as specifically admitted, the allegations contained in Paragraph 9 of the Original Complaint are denied.

10.

The allegations contained in Paragraph 10 of the Original Complaint are admitted.

11.

The allegations contained in Paragraph 11 of the Original Complaint are denied.

12.

The allegations contained in Paragraph 12 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Original Complaint are denied.

14.

The allegations contained in Paragraph 14 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Original Complaint are denied.

16.

The allegations contained in Paragraph 16 of the Original Complaint are denied.

17.

The allegations contained in Paragraph 17 of the Original Complaint, including all subparts, are denied to the extent that they pertain to REC. To the extent that the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 of the Original Complaint are denied to the extent that they pertain to REC. To the extent that the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph 19 of the Original Complaint are denied. To the extent plaintiff suffered any injury as described in the Original Complaint, which is denied, REC

avers that such injuries were caused or contributed to by plaintiff's own negligence or fault.

20.

The allegations contained in Paragraph 20 of the Original Complaint are denied.

21.

The allegations contained in Paragraph 21 of the Original Complaint are denied.

22.

The allegations contained in Paragraph 22 of the Original Complaint are denied.

23.

The allegations contained in Paragraph 23 of the Original Complaint are denied.

24.

The allegations contained in Paragraph 24 of the Original Complaint are denied. Plaintiff's employer at the relevant time, REC Marine Logistics, LLC, avers that plaintiff is not entitled to maintenance and cure benefits.

25.

The allegations contained in Paragraph 25 of the Original Complaint are denied.

26.

The allegations contained in Paragraph 26 of the Original Complaint are denied.

27.

The M/V DOMINIC S was owned by REC Boats, LLC and operated by REC Marine Logistics, LLC. In all other respects, the allegations contained in Paragraph 27 of the Original Complaint are denied.

28.

The allegations contained in Paragraph 28 of the Original Complaint are denied.

29.

The allegations contained in Paragraph 29 of the Original Complaint, including all subparts, are denied.

30.

The allegations contained in Paragraph 30 of the Original Complaint are denied.

31.

The allegations contained in Paragraph 31 of the Original Complaint are denied.

32.

The allegations contained in Paragraph 32 of the Original Complaint require no response on the part of REC. REC acknowledges that plaintiff has requested a jury trial, but REC reserves the right to contest plaintiff's entitlement to a jury should the facts and law warrant.

## **FOURTH DEFENSE**

REC denies the allegations of any unnumbered and/or mis-numbered paragraphs, any allegations contained in the Prayer for Relief, and any allegations contained in the Original Complaint which have not heretofore been addressed.

## **FIFTH DEFENSE**

REC avers that they were in no way responsible for the alleged incident in question; they were not negligent.

## **SIXTH DEFENSE**

The M/V DOMINIC S was at all pertinent times seaworthy and fit for the service in which it was engaged.

## **SEVENTH DEFENSE**

Plaintiff's illnesses or injuries, if any, resulted from his own sole fault, and negligence

and/or inattention to duty or from the fault, negligence, and/or inattention of others for whom REC is not responsible.

### EIGHTH DEFENSE

In the alternative, REC pleads the contributory negligence of plaintiff in bar of or in diminution of any recovery.

### NINTH DEFENSE

Further in the alternative, REC avers that plaintiff's injuries, if any, resulted from a condition which was open and obvious to plaintiff.

### TENTH DEFENSE

REC further avers that if plaintiff sustained any injuries, which are specifically denied, said injuries were caused or brought about by the ordinary normal risks incident to his occupation, which were voluntarily assumed by the plaintiff and for which REC is in no way responsible.

### ELEVENTH DEFENSE

If the plaintiff sustained any illness or injury, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom REC is in no way responsible.

### TWELFTH DEFENSE

Without waiving the above and foregoing, and further answering if same be necessary, REC avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which was neither caused nor aggravated by any act or omission of REC, thus barring or mitigating any recovery by plaintiff herein.

**THIRTEENTH DEFENSE**

Further answering the plaintiff's Original Complaint, and as a separate and distinct defense, REC alleges that if plaintiff has sustained any injury or illness, which is specifically denied, such injury or illness existed before the time of his alleged accident, and that he knew or should have known he was physically unfit and unable for the duties which he undertook to perform, all of which were not made known to REC and for which REC is not responsible.

**FOURTEENTH DEFENSE**

REC would show that if plaintiff was injured, which is specifically denied, such injury was caused by equipment and/or occurred in an area over which REC had no control or authority.

**FIFTEENTH DEFENSE**

REC pleads that any negligence for which REC is allegedly responsible, which is denied, was in no way connected with the injuries for which plaintiff seeks recovery.

**SIXTEENTH DEFENSE**

REC alleges that the plaintiff has failed to mitigate any damages he may have sustained, and his recovery is therefore defeated or mitigated.

**SEVENTEENTH DEFENSE**

While denying any liability to plaintiff whatsoever, REC further avers that any injuries alleged by the plaintiff were caused in whole or in part by the fault, acts, negligence, or omissions of a third party or parties over whom REC exercised no control or supervision and for whom REC has no responsibility or liability, such party or parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from REC, which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third party or parties.

Case 2:20-cv-02135-SM-DMD   Document 16   Filed 09/25/20   Page 9 of 10

**EIGHTEENTH DEFENSE**

REC avers that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which REC, or any other person, party, or entity for which REC would be responsible, were not responsible.

**NINETEENTH DEFENSE**

In the further alternative, REC specifically alleges and avers that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an act of God, or *force majeure* or other circumstances beyond REC's control or responsibility and were not proximately caused by any acts or omissions on the part of REC or any other person, party or entity for whom they would be responsible

**TWENTIETH DEFENSE**

While at all times denying any negligence or fault, REC avers that any claim for punitive damages based on the alleged unseaworthiness of a vessel is barred by the U.S. Supreme Court's decision in *Dutra Group v. Batterton*.

**TWENTY-FIRST DEFENSE**

More generally, as an alleged Jones Act seaman, plaintiff is not entitled to recover non-pecuniary damages, including punitive damages.

**TWENTY-SECOND DEFENSE**

REC avers that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

## TWENTY-THIRD DEFENSE

REC pleads the benefits and protections of the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.,* should they be held liable unto plaintiff in any regard, which is specifically denied.

## TWENTY-FOURTH DEFENSE

REC reserves the right to supplement, amend, or modify their affirmative defenses and Answer to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE**, the premises considered, defendants, REC Marine Logistics, LLC and REC Boats, LLC, pray that this, their Answer, be deemed good and sufficient and that after due proceedings are had, that this Court issue judgment in defendants' favor and against plaintiff, dismissing plaintiff's Original Complaint at his cost, and that defendants be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted:

*/s/ Kyle A. Khoury*
Salvador J. Pusateri (#21036)
Kyle A. Khoury, T.A. (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM**
1100 Poydras Street – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
**Attorneys for REC Marine Logistics, LLC and REC Boats, LLC**